Hamilton HALEY, Plaintiff—
Appellant,

v.

R.J. DONOVAN CORRECTIONAL FACILITY; D.L. Johnson, Correctional Officer; B. Early, Associate Warden; D.M. Barnes, Chief Deputy Warden; W. Adams, Correctional Lieutenant, Defendants—Appellees.

No. 04–56135.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Nov. 1, 2005.

---

\* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Hamilton Haley, San Diego, CA, pro se.

Elizabeth A. Keech, Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

* The Honorable Daniel Friedman, Senior Circuit Judge for the Federal Circuit, sitting by designation.

Before: FRIEDMAN,* O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Hamilton Haley appeals from the district court's grant of summary judgment to the R.J. Donovan Correctional Facility and several of its officers on his claims that the California Department of Corrections' enforcement of a grooming standard for male prisoners violates the Religious Land Use & Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.,* and his First Amendment Free Exercise rights. We affirm the grant of summary judgment as to Haley's First Amendment claim, reverse as to his RLUIPA claim, and remand the case to the district court.

The district court properly analyzed Haley's First Amendment challenge under a "reasonableness" test. *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). As the district court found, the prison system's asserted security-related interests are legitimate penological interests, and the grooming regulation in question is reasonably related to those interests. *Henderson v. Terhune,* 379 F.3d 709, 712–15 (9th Cir.2004). Thus, summary judgment was appropriate for this claim.

The district court also properly identified the appropriate level of scrutiny for the grooming regulation under RLUIPA. However, in applying strict scrutiny, the district court did not have the benefit of this Court's ruling in *Warsoldier v. Woodford,* 418 F.3d 989 (9th Cir.2005). Although prison security constitutes a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

compelling government interest, the CDC has failed to meet its burden of showing that this regulation is the least restrictive means of furthering that interest. *Id.* at 998–1001. Therefore, we reverse the district court's grant of summary judgment on Haley's RLUIPA claim and remand to the district court for reconsideration in light of *Warsoldier.*

We do not address the question of qualified immunity, leaving the issue for the district court on remand.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**